## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

CORNICHE CAPITAL, LLC;
NM GAS HOLDINGS 1, LLC;
NM GAS HOLDINGS 2, LLC;
and DE LiqNM LLC,

        Plaintiffs,

vs.                                                                                        No. 2:17-CV-00106-CG-SMV

W & N ENTERPRISES, INC.

        Defendant.

### DEFENDANT'S MOTION TO STRIKE COUNTERDEFENDANTS' REPLY TO COUNTERCLAIM FOR BREACH OF CONTRACT AND FOR MORE DEFINITE STATEMENT

COMES NOW, Defendant, W & N Enterprises, Inc., by and through its attorneys, Martin & Lutz, P.C., by David P. Lutz, and hereby files this Motion to Strike Counterdefendants' Reply ot Counterclaim for Breach of Contract and For More Definite Statement, and in support of which, would show the Court as follows:

1.      On February 13, 2017, Defendant filed its Answer to Complaint for Specific Performance and Counterclaim for Breach of Contract (Doc. No. 5).

2.      On April 20, 2017, Plaintiffs filed their Reply to Counterclaim for Breach of Contract (Doc. No. 18).

3.      In 20 out of 33 paragraphs, Plaintiffs make the following verbatim assertion: "Counterdefendants state that the referenced document or documents speak for themselves and any interpretation or contention inconsistent with a reading of the documents taken as a whole, including any and all amendments thereto, are hereby denied." *See*, Counterdefendants' Reply to Counterclaim for Breach of Contract, at ¶¶ 2, 3, 4, 5, 6, 7, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 29

(with this paragraph containing a denial of one specific additional fact).

4. This list does not include Paragraph 14 which appears to admit the allegations therein but wherein Plaintiffs then employ the same language as otherwise set forth above.

5. Pursuant to Federal Rule of Civil Procedure 8(b)(1)(B), "[Counter]Defendants must respond to all of a [Counter]plaintiff's allegations." *See, Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011). "Responses that documents speak for themselves do not comply with rule 8(b)'s requirements. *Id.* at 602 - 03, *citing Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, Nos. 07-CV-1047, 08-CV-0245, 2008 WL 53377712, at *1 - 2 (E.D.Wis. Dec. 22, 2008)("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' . . . Similarly Rule does not permit a defendant to respond that the document 'speaks for itself.'")(quoting *State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D.Ill.2001).); *N. Ind. Metals v. Iowa Exp., Inc.*, No. 2:07-CV-414-PRC, 2008 WL 2756330 at *3 (N.D.Ind. July 10, 2008)("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); *Rudzinski v. Metropolitan Life Ins. Co.*, Case No. 5 C 0474, 2007 WL 2973830, at *4 (N.D.Ill. Oct. 4, 2007)(stating that a defendant may not simply employ "summarizing language" and then state, "essentially, taht the terms of the referenced documents speak for themselves.").

6. As the Court stated in *Riley*:

> Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations

2

about the contents of documents (or statutes or regulations).

199 F.R.D. at 279.

7. This Motion is important for two reasons in the specific context of this case. First, this Court indicated at hearing on May 8 that the Court's preference was that the parties make an affirmative effort to stipulate to as many matters as was reasonably possible beyond just jurisdiction and venue. The pleadings are the first and most important mechanism by which to do so. Second, the potential admissions that could derive from this process in this particular case as to the contract at issue and its amendments will reduce potential issues for discovery and assist with respect to pretrial motions that may be filed.

8. For these reasons, W & N Enterprises, Inc. respectfully requests that this Court grant its Motion to Strike Counterdefendants' Reply to Counterclaim for Breach of Contract and require CounterDefendants/Plaintiffs to provide a more definite statement that complies with Rule 8(b) of the Federal Rules of Civil Procedure.

9. Counsel for W & N Enterprises, Inc. has conferred with counsel for Counterdefendants with respect to this Motion. Counsel for Counterdefendants did not oppose this Motion and indicated he would file an amended pleading. Since that time, counsel for Counterdefendants sought to withdraw. W & N Enterprises, Inc. files this Motion to avoid further delay and so that new counsel will understand what W & N Enterprises, Inc. considers to be the present obligations of which Counterdefendant should comply.

RESPECTFULLY SUBMITTED,

MARTIN & LUTZ, P.C.

By  /S/David P. Lutz
   David P. Lutz
   Attorneys for Defendant
   P O Drawer 1837
   Las Cruces, NM 88004
   (575)-526-2449
   (575)-526-0946 (F)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did cause to be served by First Class Mail, a true and correct copy of the foregoing instrument to the following parties of record on this 12th day of September, 2017.

Patrick J. Griebel
MARRS GRIEBEL LAW, LTD.
1000 Gold Ave. SW
Albuquerque, NM 87102

   /S/David P. Lutz
   David P. Lutz