IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORNICHE CAPITAL, LLC;
NM GAS HOLDINGS 1, LLC;
NM GAS HOLDINGS 2, LLC;
and DE LiqNM LLC,

        Plaintiffs,

        v.                                                Case No. 2:17-CV-00106 WJ-SMV

W & N ENTERPRISES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE AS SANCTION
## FOR FAILURE TO COMPLY WITH COURT ORDER and COURT'S LOCAL RULES

        This is a case seeking specific performance of a purchase agreement relating to commercial real estate. It was filed in federal court on the basis of diversity jurisdiction, and has recently been assigned to the undersigned. At this point, Plaintiffs are proceeding pro se. The Court finds, sua sponte, and based on the proceedings in this case thus far, that Plaintiffs' claims should be dismissed in favor of Defendant, and that Defendant should prevail on its counterclaims.

### BACKGROUND

        Plaintiffs are limited liability companies organized under the laws of either Wyoming or New Mexico, and their respective sole members are individuals who are citizens and residents of New York.[1] Defendant is a corporation organized under the law of New Mexico with its

---

[1] Under Tenth Circuit precedent, the citizenship of limited liability companies is determined by the citizenship of their members and not their principal place of business. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

principal place of business in New Mexico. Plaintiffs allege that Defendant has refused and continues to refuse to consummate the purchase and conveyance of the property and leasehold interests that are the subject of this lawsuit. Defendant has filed a counterclaim in the amount of $710,000.00 alleging that Plaintiffs have failed to perform their duties under the real estate agreements and have thus thwarted Defendant's ability to perform under those agreements.

Plaintiffs filed the complaint in January 2017 and have since then been unable to retain legal representation for any period of time, which is required in order for corporations, partnerships or business to appear in this Court. *See* D.N.M. LR-Civ. 83.7. Based on a review of Plaintiffs' conduct according to the docket entries in this case, the Court finds that dismissal of Plaintiffs' claims is warranted, as well as judgment for Defendants on their counterclaim. The Court sets out the relevant chronology in the litigation in this case to the present time:

1) March 2017: Plaintiffs file a motion seeking withdrawal and substitution of counsel Richard Olsen and Rebecca Nichols Johnson, which the Court granted during a telephonic conference. Docs. 8 and 16. The Clerk's Minutes also indicate that Plaintiffs were aware that without an entry of appearance by counsel on their behalf, their complaint would be subject to dismissal and that they would face entry of default judgment against them on Defendant's counterclaim.

2) In April 2017 2017, a notice of appearance was filed by attorney Patrick Griebel on behalf of Plaintiffs. Doc. 17. However, in August, Mr. Griebel filed an unopposed motion to withdraw from representation of Plaintiffs, seeking thirty (30) days in which to obtain new counsel. Doc. 31.

3) In October 2017, the Court granted the motion. Doc. 34. In the same Order granting Plaintiffs' counsel's request to withdraw, United States Magistrate Judge Stephan M. Vidmar ordered Plaintiffs to show cause *no later than November 1, 2017,* why their complaint should not be dismissed and default judgment entered against them on Defendant's counterclaim. Of particular note is Judge Vidmar's observation that although the motion to withdraw was unopposed, more than 30 days had passed and yet new counsel had not entered an appearance on Plaintiffs' behalf. The Court also cited to the local rule which states that Plaintiffs may appear only with an attorney, and which also renders Plaintiffs subject to

2

default judgment or other sanctions absent the entry of appearance by a new attorney.[2]  Doc. 34 at 1-2.

4) On November 1, 2017, Mr. Griebel filed a Motion for Leave to Make Limited Entry of Appearance and Preliminary Response to the Court's Order to Show Cause on a limited appearance ("Plaintiffs' response"), and stated the following:

   a) Plaintiffs were "administered" by David Ebrahimzadeh, whose offices are located in New York and as such it has been difficult for Mr. Ebrahimzadeh to coordinate with counsel in New Mexico "due to lack of familiarity with the legal professional landscape in New Mexico;

   b) Due to various real estate transactions "unrelated to this matter," Plaintiffs were experiencing a problem with "liquidity" creating a "temporary hardship for Plaintiffs and the undersigned counsel." Doc. 36 at 2.

   c) Plaintiffs requested that the Court allow them until *November 15, 2017*, by which time Plaintiffs would *either* direct counsel to enter a general entry of appearance for purposes of resuming this litigation *or* if the liquidity issue was not resolved as expected, Plaintiffs would agree to voluntarily dismiss Plaintiffs' claims and confess judgment to the counterclaims. Doc. 36 at 2 (emphasis added).

5) On November 30, 2017, less than a month after filing the response to the Order to Show Cause, Mr. Griebel filed a Notice of Withdrawal of the Motion for Leave to Make Limited Entry of Appearance and Preliminary Response to Court Order to Show Cause, *see* Doc. 37. The Notice stated simply that "it is now moot." There is no explanation as to what part of the filed pleading became moot. Had either of the two options become moot? Had both options become moot? Had the matter been resolved, or had the possible resolutions broken down?

6) On January 19, 2018, this case was reassigned to the undersigned.

## DISCUSSION

Federal district courts have the inherent power to manage their business "so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir.2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). In particular,

---

[2] D.N.M. LR-Civ. 83.8 (c) states in part that :[a]bsent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed."

federal district courts have the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44 45. *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1193 (10th Cir. 2004).

The Court sees no reason to continue beating a dead horse, and Plaintiffs cannot now claim either surprise or lack of notice as to the Court's disposition of this matter. They have been on notice since March of 2017 that failure to obtain legal representation would have dire consequences for their case—namely, the dismissal of their complaint *and* default judgment on Defendant's counterclaims. Plaintiffs also acquiesced to these consequences in the event that the "liquidity" issue was not resolved by November 17, 2017. Only a few weeks after filing that response, Plaintiffs then withdrew the pleading without any practical explanation or excuse, without indicating that anything at all had happened by November 17th or afterward, which would advise the Court whether this litigation could continue. Instead, Plaintiffs again left this case in a limbo despite the Court's efforts to get it moving again.

To the extent that Plaintiffs' response was intended to delay these proceedings, Plaintiffs are now out of time. This Court's local rule requiring business entities to have legal representation is not an offhand suggestion, but a condition that Plaintiffs must meet. They have had the opportunity to do so and have failed to comply, without an adequate explanation or excuse. At this point, the Court finds that the options raised and conceded by Plaintiffs in their response are governing the Court's disposition of this matter, for several reasons. First, without a satisfactory explanation for the withdrawal of their response, the Court feels compelled to look back to the November 17th date and note that there has been no movement or docket entry to commemorate either an entry of appearance or an announcement that the "liquidity" problems

4

are still plaguing Plaintiffs. No matter—since Plaintiffs' withdrawal of the response, almost two months ago, there has *still* been no entry of appearance on behalf of Plaintiffs.

Second, the Court can pretend that Plaintiffs' response was never filed, in which case Plaintiffs have failed to comply with the Court's Order to Show Cause, which would warrant an imposition of the consequences set forth in that Order. Third, the fact remains that even now—after a considerable amount of time and several opportunities which the Court has afforded, Plaintiffs still have not retained counsel as required under this Court's local rules.

Last, the Court finds it worth noting that the Plaintiffs in this case are not simple "mom-and-pop" business entities which find themselves out of their element and caught in an unfamiliar legal system. Plaintiff Corniche Capital, LLC, for example, is a self-described "real estate and private equity investor" (listing David Ebrahimzadeh as President). According to its website, Corniche Capital is a "leading opportunistic investor in both the private and public sectors . . . ." Plaintiffs appear to be sophisticated business entities swimming in the big pond, so to speak, and would be expected to know the consequences of failing to play by the rules.

Therefore, for all the reasons above, Plaintiffs' complaint is hereby dismissed with prejudice and Defendant prevails on its counterclaim in the amount of $710,000.00. A Rule 58 Judgment shall issue separately.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE